UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH HOPSON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>NEVIS ENTERPRISES, INC. dba A-1 AUTO GLASS, et al.,<br><br>　　　　　　Defendants. | No. 2:14-cv-00548-KJM-AC<br><br><br>**ORDER** |

　　　　On February 26, 2014, the court issued an order setting a status (pretrial scheduling) conference for July 10, 2014 at 2:30 pm. Order 1, ECF No. 3. In the same order the court required the parties to submit, at least seven days prior to the status conference, a joint status report, and "in the extraordinary event the parties are not able to file a joint status report," each party was ordered to file an individual status report. *Id.* at 2-3. On July 8, 2014, the plaintiff moved to continue the pretrial scheduling conference for thirty days. Motion to Continue 1-2, ECF No. 5. The conference was vacated by minute order the same day and reset for August 14, 2014 at 2:30pm. ECF No. 6. On the court's own motion, the conference was again reset by minute order on August 5, 2014 for September 18, 2014 at 2:30 pm. ECF No. 7. On September 15, 2014, the parties had not submitted a joint status report, joint or individual, and the court reset the status conference again by minute order for October 2, 2014. ECF No. 8. In the same minute

1

1 order, the court reminded the parties that failure to submit a status report could result in sanctions.
2 On September 29, 2014 the parties had not submitted a status report, joint or individual, and the
3 court vacated the status conference set for October 2, 2014. ECF No. 9.
4       On October 2, 2014, the court ordered the plaintiff to show cause why sanctions
5 should not be imposed for failure to comply with the court's order to submit a joint or individual
6 status report. ECF No. 10. On October 9, 2014, Daniel Malakauskas, counsel for Mr. Hopson,
7 responded to the court's order to show cause, explaining complications in the service of process.
8 ECF No. 11. Mr. Malakauskas is reminded that the court's February 26, 2014, order required the
9 plaintiff to submit an individual status report "in the extraordinary event the parties are not able to
10 file a joint status report." Order 2-3, ECF No. 3.
11       The court's pretrial orders, including scheduling and similar orders, are not
12 "frivolous piece[s] of paper, idly entered, which can be cavalierly disregarded by counsel without
13 peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). Plaintiff is
14 sanctioned in the amount of $250, payable within fourteen days of the date of this order. Counsel
15 shall not pass this cost on to his client.
16       IT IS SO ORDERED.
17 Dated: October 17, 2014.

_____
UNITED STATES DISTRICT JUDGE